UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

LLOYD R. ELLWOOD

VERSUS

MICHAEL J. ASTRUE,
COMMISSIONER OF SOCIAL
SECURITY ADMINISTRATION

CIVIL ACTION

NUMBER 07-898-SCR

**RULING ON SOCIAL SECURITY APPEAL**

Plaintiff Lloyd R. Ellwood filed this action pursuant to 42 U.S.C. § 405(g) for judicial review of the final decision of Michael J. Astrue, Commissioner of Social Security (Commissioner) denying his claim for disability income benefits for the period August 16, 2001 through March 31, 2003.

**Background**

In January 2004, at the age of 60, the plaintiff applied for disability income benefits. Plaintiff alleged in the application that his inability to perform substantial gainful activity began in August 2001, when he underwent his first hip replacement surgery. Plaintiff's right hip was replaced August 16, 2001 and the plaintiff's left hip was replaced on October 9, 2002. AR pp. 68-70, 105, 152-170. After recovering from these surgeries the plaintiff developed additional joint and mobility problems. In late 2003 the plaintiff was diagnosed with a severe left knee impairment and a condition called "Charcot" joint in his right

foot/ankle that caused pain, swelling, and tenderness. Plaintiff also suffered from diabetes. AR pp. 194-207, 213, 216-19, 223-24, 265-66. Because of this combination of severe impairments, it became medically necessary for the plaintiff to sometimes use a wheelchair, and use a cane or crutch for walking and standing. AR pp. 199, 200, 251. With regard to the issue of past relevant work, the record showed that the plaintiff had training and worked as a pipe fitter for a short period of time. However, beginning in 1969 the plaintiff owned and operated a restaurant and performed all the duties required to run the business. AR pp. 105-10, 118-21, 127-29, 296, 299.

After review of the evidence related to the plaintiff's age, education, work experience and severe impairments, an initial determination was made that the plaintiff was disabled as of March 31, 2003. However, based on records of the plaintiff's earnings and other evidence, a determination was also made that the plaintiff engaged in substantial gainful activity from August 2001 through February 2003, and the plaintiff was denied benefits for that period. AR pp. 35-41. Plaintiff appealed this decision and argued that the onset of his disability was August 16, 2001. A hearing was held before an administrative law judge (ALJ) on November 17, 2005. The ALJ issued an unfavorable decision on January 23, 2006, which maintained the prior finding of disability beginning March 31, 2003. AR pp. 28-34, 289A-302. Plaintiff

requested review by the Appeals Council but review was denied, making the determination of the Commissioner final and appealable under 42 U.S.C. § 405(g).  AR pp. 3-27.

## Standard of Review

Under § 405(g), judicial review of a final decision of the Commissioner denying disability benefits is limited to two inquiries:  (1) whether substantial evidence exists in the record as a whole to support the Commissioner's findings, and (2) whether the Commissioner's final decision applies the relevant legal standards.  *Myers v. Apfel*, 238 F.3d 617, 619 (5th Cir. 2001).  If substantial evidence supports the Commissioner's findings, they are conclusive and must be affirmed.  *Richardson v. Perales*, 402 U.S. 389, 91 S.Ct. 1420, 1422 (1971); *Martinez v. Chater*, 64 F.3d 172, 173 (5th Cir. 1995).  Substantial evidence is that which is relevant and sufficient for a reasonable mind to accept as adequate to support a conclusion.  It is more than a mere scintilla and less than a preponderance.  *Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir. 1994); *Carey v. Apfel*, 230 F.3d 131 at 135.  A finding of no substantial evidence is appropriate only if no credible evidentiary choices or medical findings support the decision.  *Boyd v. Apfel*, 239 F.3d 698, 704 (5th Cir. 2001).  In applying the substantial evidence standard the court must review the entire record as whole, but may not reweigh the evidence, try the issues de novo, or

substitute its judgment for that of the Commissioner, even if the evidence weighs against the Commissioner's decision. *Newton v. Apfel*, 209 F.3d 448, 452 (5th Cir. 2000). Conflicts in the evidence are for the Commissioner and not the court to resolve. *Masterson v. Barnhart*, 309 F.3d 267, 272 (5th Cir. 2002).[1]

If the Commissioner fails to apply the correct legal standards, or provide a reviewing court with a sufficient basis to determine that the correct legal principles were followed, it is grounds for reversal. *Bradley v.* Bowen, 809 F.2d 1054, 1057 (5th Cir. 1981); Western *v. Harris*, 633 F.2d 1204, 1206 (5th Cir. 1981); *Wiggins v. Schweiker*, 679 F.2d 1387, 1389 (11th Cir. 1982).

A claimant has the burden of proving that he or she suffers from a disability, which is defined as a medically determinable physical or mental impairment lasting at least twelve months that prevents the claimant from engaging in substantial gainful activity. 20 C.F.R. § 404.1505. The regulations require the ALJ to apply a five step sequential evaluation to each claim for disability and SSI benefits. 20 C.F.R. § 404.1520. In the five step sequence used to evaluate claims, the Commissioner must determine whether: (1) the claimant is engaged in substantial

---

[1] It is well-established that in cases brought under § 405(g), evidence external to the administrative record is generally inadmissible, and on judicial review the court cannot consider any evidence that is not already a part of the administrative record. *Lovett v. Schweiker*, 667 F.2d 1, 2 (5th Cir. 1981); *Flores v. Heckler*, 755 F.2d 401, 403 (5th Cir. 1985).

gainful activity, (2) the claimant has a severe impairment or combination of impairments, (3) the impairment(s) meets or equals the severity of a Listing impairment in Appendix 1 of the regulations, (4) the impairment(s) prevents the claimant from performing past relevant work, and (5) the impairment(s) prevents the claimant from doing any other work. *Masterson*, 309 F.3d at 271.

The burden of proving disability rests on the claimant through the first four steps. If the claimant shows at step four that he is no longer capable of performing any of his past relevant work, the burden shifts to the Commissioner at step five to show that the claimant is able to engage in some type of alternative work that exists in significant numbers in the national economy. *Myers*, *supra*. If the Commissioner meets this burden the claimant must then show that he cannot in fact perform that work. *Boyd*, 239 F.3d at 705.

With regard to step one of the disability analysis, the meaning of "substantial gainful activity" is defined in the regulations as follows:

> Substantial gainful activity means work that-
> (a) Involves doing significant and productive physical or mental duties; and
> (b) Is done (or intended) for pay or profit;

20 C.F.R. § 404.1510.

> Substantial gainful activity is work activity that is both substantial and gainful:

> (a) Substantial work activity. Substantial work activity is work activity that involves doing significant physical or mental activities. Your work may be substantial even if it is done on a part-time basis or if you do less, get paid less, or have less responsibility than when you worked before.
>
> (b) Gainful work activity. Gainful work activity is work activity that you do for pay or profit. Work activity is gainful if it is the kind of work usually done for pay or profit, whether or not a profit is realized.
>
> (c) Some other activities. Generally, we do not consider activities like taking care of yourself, household tasks, hobbies, therapy, school attendance, club activities, or social programs to be substantial gainful activity.

20 C.F.R. § 404.1572

In deciding whether an individual is engaged in substantial gainful activity, the regulations also provide guidelines for evaluating persons who are self-employed, and the regulations state that the provisions are "used whenever they are appropriate." 20 C.F.R. § 404.1575(a). Under the general rules for evaluating whether self-employment is substantial gainful activity the regulations state in relevant part:

> (2) *General rules for evaluating your work activity if you are self-employed.* We will consider your activities and their value to your business.... We will not consider your income alone.... We determine whether you have engaged in substantial gainful activity by applying three tests. If you have not engaged in substantial gainful activity under test one, then we will consider tests two and three. The tests are as follows:
>
> (i) *Test one*: You have engaged in substantial gainful activity if you render services that are significant to the operation of the business and receive a substantial income from the business. Paragraphs (b) and (c) of this section explain what we mean by significant services and substantial income for purposes of this test.

>(ii) *Test two*: You have engaged in substantial gainful activity if your work activity, in terms of factors such as hours, skills, energy output, efficiency, duties, and responsibilities, is comparable to that of unimpaired individuals in your community who are in the same or similar businesses as their means of livelihood;
>
>(iii) *Test three*: You have engaged in substantial gainful activity, if your work activity, although not comparable to that of unimpaired individuals, is clearly worth the amount shown in § 404.1574(b)(2) when considered in terms of its value to the business, or when compared to the salary that an owner would pay to an employee to do the work you are doing.

20 C.F.R. § 404.1575(a)(2)(i),(ii) and (iii).

Procedural perfection in administrative proceedings is not required. A judgment will not be vacated unless the substantial rights of a party have been affected. *Mays v. Bowen*, 837 F.2d 1362, 1364 (5th Cir.1988). Procedural improprieties "constitute a basis for remand only if such improprieties would cast into doubt the existence of substantial evidence to support the ALJ's decision." *Morris v. Bowen*, 864 F.2d 333, 335 (5th Cir.1988). Thus, harmless error analysis applies when an ALJ fails to comply with a regulation, and violation of a social security ruling merits remand only when a claimant affirmatively demonstrates prejudice. *See*, *Newton,* 209 F.3d at 459, citing, *Hall v. Schweiker*, 660 F.2d 116, 119 (5th Cir. 1981); *Shave v. Apfel*, 238 F.3d 592, 596-597 (5th Cir. 2001); *Frank v.* Barnhart, 326 F.3d 618, 622 (5th Cir. 2003); *Oderbert v. Barnhart*, 413 F.Supp.2d 800, 805 (E.D.Tex. Jan. 20, 2006); *Smith v. Astrue*, 2008 WL 4200694 (S.D.Tex. Sept. 9, 2008); *Anthony v. Astrue* 2008 WL 544673 (M.D.La. Feb. 28, 2008).

Prejudice is established by showing that additional evidence could have been produced and that the additional evidence might have led to a different decision. An error is harmless unless there is reason to think that remand might lead to a different result. *Id.*

## Analysis

Plaintiff raised one claim of error in his appeal of the Commissioner's decision. Plaintiff contended that the ALJ applied an improper legal standard by failing to use the three-pronged test set forth in 20 C.F. R. § 404.1575(a). Plaintiff argued that if the ALJ had applied the proper standard a different decision may have been reached because substantial evidence showed that he did not have earnings establishing substantial gainful activity between August 16, 2001 and March 31, 2003. Plaintiff argued that this error requires reversal and remand to the Commissioner.

Review of the administrative record as a whole demonstrates that the plaintiff's claim of reversible error is unsupported, and that substantial evidence sustains the ALJ's findings.

Plaintiff argued that the ALJ failed to use and apply the proper legal standard for evaluating whether his work activity constituted substantial gainful activity from August 2001 to March 2003. Plaintiff asserted that the ALJ did not even mention § 404.1575(a) in his decision, and contrary to the regulation, based his conclusion solely on earnings during the relevant time period.

A review of the record, however, shows that the ALJ did cite § 404.1575 in his decision, which is the correct regulation. In finding number 4 on the last page of the written decision, the ALJ stated: "The claimant's work activity constitutes substantial gainful activity within the meaning of the regulations (20 CFR § 404.1575)." AR p. 34. This finding and citation to the regulation demonstrate that the ALJ was aware of and applied the proper legal standard to determine whether the plaintiff was engaged in substantial gainful activity. The ALJ did not specifically mention the three tests provided under § 404.1575 which govern the general guidelines applied to self-employment.[2] Nevertheless, it is evident from the ALJ's evaluation and analysis of the evidence that the ALJ used these guidelines in his decision.

The ALJ found, and the record clearly established, that the plaintiff had reported earnings of $38,366 in 2002 and $15,346 in 2003. AR pp. 33, 94, 96, 143. Plaintiff did not dispute that he had substantial income for these years. It is apparent that the ALJ did not rely solely on the record of the plaintiff's earnings, which on their face indicated that the plaintiff had substantial income.[3] The ALJ relied on the fact that the plaintiff's income was reported on a W-2 form as wages paid by the corporation, and

---

[2] 20 C.F.R. § 404.1575(a)(2)(i),(ii) and (iii).

[3] 20 C.F.R. § 404.1575(c)(2)(i). This provision states that countable income is substantial if it averages more than the amounts described in § 404.1574(b)(2), which is the table that sets forth the earnings that will ordinarily show that a claimant is engaged in substantial gainful activity.

also relied on the fact that the plaintiff continued to receive the salary he had made as a manager, while his daughter, who he claimed took over the management/daily operations, earned considerably less - $1,500 a month.  Based on the total of the plaintiff's income and how it was reported, the plaintiff's salary as compared to that of his daughter, and the plaintiff's acknowledgment that he advised his daughter on the operation of the business, the ALJ concluded that the plaintiff's daughter was not operating the restaurant without significant assistance from the plaintiff.  Although the plaintiff stated he received the income for his ownership interest and only worked 30 or 40 minutes a week checking and calling in the payroll,[4] it is clear that the ALJ did not find the plaintiff entirely credible.  The evidence cited by the ALJ and discussed here constitutes substantial evidence to support the ALJ's credibility finding, as well as the finding that the plaintiff engaged in substantial gainful activity until March 2003.[5]

The ALJ did not refer to the three different tests listed under the regulation, but it is apparent from the ALJ's analysis

---

[4] AR pp. 80, 135-40, 293-94.

[5] AR pp. 32-33, 94, 96, 211-12, 294, 296-99.
Plaintiff argued that the medical evidence supports his claim that he was not engaged in substantial gainful activity from August 2001 to March 2003.  This argument is unavailing.  All of the evidence in the record does not have to support the ALJ's findings.  Even if substantial evidence supports the claimant's position it is not grounds for reversal.  As long as the finding or decision is supported by substantial evidence in the record as a whole it must be affirmed.  *See*, *Carroll v. Dept. Health, Ed. and Welfare*, 470 F.2d 252, 254 n. 4 (5th Cir. 1972); *Haley v. Massanari*, 258 F.3d 742, 746 (8th Cir. 2001).

that the ALJ concluded under the first test that the plaintiff rendered "services that are significant to the operation of the business," and received "a substantial income from the business." 20 C.F.R. § 404.1575(a)(2)(I).  The regulation states in relevant part that, "[i]f you have not engaged in substantial gainful activity under test one, then we will consider tests two and three."  Because test one was satisfied, it was unnecessary for the ALJ to address tests two or three.  To the extent that the ALJ failed to specifically cite the language of test one or the other tests, the error is harmless.  Again, it is clear from the ALJ's decision that he applied the correct regulation/legal standard, and his findings based on those standards are supported by substantial evidence.  In other words, there is no basis in the record to conclude that the plaintiff was prejudiced by the omission, or that a remand would lead to a different result.

Accordingly, under sentence four of 42 U.S.C. § 405(g) the final decision of the Commissioner of Social Security, Michael J. Astrue, denying the application of Lloyd R. Ellwood for disability benefits for the period August 16, 2001 to March 31, 2003 is affirmed and this action will be dismissed.

Baton Rouge, Louisiana, August 17, 2009.

STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE